**[J-84-2016][M.O. – Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,  :  No. 36 EAP 2015
:
            Appellee  :  Appeal from the judgment of Superior
:  Court entered on 6/27/14 at No. 1784
:  EDA 2013 affirming the judgment of
            v.  :  sentence entered on 11/1/10 in the
:  Court of Common Pleas, Philadelphia
:  County, Criminal Division, at No. CP-51-
:  CR-0005943-2009
KAREEM BARNES,  :
:
            Appellant  :
:  ARGUED:  September 13, 2016

## *CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**  **DECIDED:  December 28, 2016**

I join the majority's specific holding that sentences violative of *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), are illegal sentences, alleviating the requirement of issue preservation.[1]  However, I do not support the majority's decision to adopt the lead opinion in *Commonwealth v. Foster*, 609 Pa. 502, 17 A.3d 332 (2011) (plurality), since such expression favored a considerably broader litmus for the illegal-sentence doctrine, and, in this respect, I maintain the concerns that I had voiced in

---

[1] As the majority notes, this understanding does not apply to cases that have reached the post-conviction stage, since the determination of whether final judgments of sentences are illegal under *Alleyne* depends upon whether *Alleyne* is retroactive to cases pending on post-conviction review, *see Commonwealth v. Washington*, ___ Pa. ___, ___, 142 A.3d 810, 814-15 (2016), and this Court has concluded that it is not, *see id.* at ___, 142 A.3d at 820.

*Foster.  See id.* at 539-41, 17 A.3d at 355-56 (Saylor, J., concurring); *accord id.* at 525-39, 17 A.3d at 346-54 (Castille, C.J.) (cautioning that the approach of redefining the concept of an illegal sentence to encompass all sentencing claims other than those challenging purely discretionary aspects effectively disapproves decades of existing Superior Court precedent and unduly overrides salutary issue preservation requirements across a broad array of sentencing challenges).

Justice Mundy joins this concurring opinion.